UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSSEAN CRISPIN,<br>    Plaintiff,<br><br>    v.<br><br>O'MEARA, et al.<br>    Defendants. | :<br>:<br>:<br>:  Case No. 3:21-cv-500 (KAD)<br>:<br>:<br>: |

**MEMORANDUM OF DECISION**

The plaintiff. Jossean Crispin ("Crispin"), sought to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this civil rights action. On May 3, 2021, the court denied Crispin's motion to proceed *in forma pauperis* and directed him to pay the filing fee to commence this action. Crispin now seeks reconsideration of that decision.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). This District's Local Rule state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1. "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir.

2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)); *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Crispin asserts that he was denied permission to proceed *in forma pauperis* in three cases and claims that if he pays the $402.00 filing fee in each case, he would have no money left to purchase "daily necessary necessities" such as toiletries, paper, and envelopes. Doc. No. 8 at 4-5. As the court previously noted, however, Crispin received over $2,100.00 in deposits to his inmate account during the preceding six months. Deducting the $480.00 withheld to pay the filing fees in his other cases, Crispin still had over $1,600.00. Thus, contrary to his statements, he would not have been left penniless if he paid the $1,206.00 in filing fees for his three new cases.

Crispin also argues that the court failed to consider the nearly $800.00 in his PLRA subaccount and states that the court should demand this money from the Department of Correction rather than order him to pay the filing fees in his new cases. Under an arrangement with the court, the Department of Correction assesses 20% of any deposits to Crispin's inmate account toward the filing fee of each case in which he is proceed *in forma pauperis*. Once the entire fee is collected, the Department of Correction forwards the fee to the court. In 2020, Crispin was granted leave to proceed *in forma pauperis* in three cases: *Crispin v. Roach*, No. 3:20-cv-1184(KAD); *Crispin v. Haber*, No. 3:20-cv-1209(KAD); and *Crispin v. Fortin*, No. 3:20-cv-1796(KAD). The money in Crispin's PLRA subaccount is intended to pay the filing fees in those cases. Thus, the money is not available to Crispin to pay the filing fees in any new cases.

Crispin has not identified any law or facts overlooked by the court in denying his motion to proceed *in forma pauperis*. Crispin's motion for reconsideration [**Doc. No. 8**] is **DENIED**. Crispin shall submit the filing fee within **twenty (20) days** from the date of this order or the case will be dismissed.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of May 2021.

/s/
Kari A. Dooley
United States District Judge